EMMA O'LEARY, ADMINISTRATRIX, PLAINTIFF-APPEL-
    LANT,   v.   ALEXANDER   HARRIS,   DEFENDANT-
    RESPONDENT.

Argued June 26, 1916—-Decided November 20, 1916.

The well-settled law that upon the termination of a tenancy by its
    own limitation or by voluntary act of the tenant, in the absence
    of a special custom, there is no right of emblements, applies as
    well to tenancies which have been terminated between seed time
    and harvest with the consent of the landlord.

On appeal from the Burlington Circuit Court.

For the appellant, *V. Claude Palmer.*

For the respondent, *James Mercer Davis.*

The opinion of the court was delivered by

KALISCH, J.   This is an appeal from a judgment entered
upon a verdict directed by the trial judge of the Burlington
Circuit Court in favor of the defendant-respondent.

The plaintiff, as administratrix of John J. O'Leary, Jr.,
deceased, brought her action in the court below for trover
and conversion against the defendant to recover the value of
growing grain which the plaintiff claimed belonged to her as
outgoing tenant.

The defendant, by his answer, denied that the plaintiff had
any property in the growing grain, and also set up that by the
lease under which the plaintiff's decedent held the premises,
the latter had agreed to leave as much growing grain as he
found thereon upon his going into possession; and the defend-
ant also set up a custom in the renting of farms that the
tenant shall leave as much growing grain upon the premises
as he found at the beginning of the term.

The defendant in addition thereto set up, by way of counter-
claim, an indebtedness of the plaintiff's decedent to him in
the amount of $581.54, which appears to have been undis-

puted at the trial and for which sum a verdict was directed in favor of the defendant and against the plaintiff by the trial judge.

The issues raised by the defendant's answer denote that they involved mixed questions of law and fact, and since it appears upon examination of the evidence in the cause that the facts were not in dispute, there only remains to be examined whether the legal rules applicable to the facts were properly applied.

The respondent, Harris, was the owner of a farm called the "Cooper Farm." He leased the farm to John O'Leary, Jr., in January, 1909, for five years. In December, 1913, he renewed the lease for a term commencing March 25th, 1914, for the term of three years. This lease contained the clause following:

"And the said party of the second part hereby covenants that no cornstalks or wheat straw shall be sold or removed from said premises during said term; and that he will not sow over twenty acres in grain in the fall, and if he does sow over twenty acres, that all over twenty acres shall be left on said farm for the benefit of the said party of the first part." The lease contained the further clause: "And it is agreed that if any rent shall be due and unpaid, or if any default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and to remove all persons therefrom." During the term of the second lease, in November, 1914, O'Leary, the lessee, died, and the plaintiff-appellant was appointed administratrix.

On the 11th day of January, 1915, the administratrix surrendered the lease to the defendant-respondent, and the following endorsement was made on the lease:

"MT. HOLLY, N. J., January 11th, 1915.

"Received of Emma M. O'Leary, administratrix of John O'Leary, deceased, the sum of $1,068 in full of rent due on the within lease for the year ending March 25th, 1915, and

the within lease is hereby by consent of parties canceled as to the balance of the term thereof. The within settlement being made without any prejudice as to any claims of Emma M. O'Leary as administratrix against Alexander Harris."

This writing was subscribed by Alexander Harris, the defendant. This is not such a surrender in writing as is contemplated by section 2 of the act for the prevention of frauds and perjuries (2 *Comp. Stat., p.* 2610), which statute requires that the deed or note in writing assigning, granting or surrendering any lease, &c., shall be signed by the party so assigning, granting or surrendering the same or his, her or their agent or agents thereunto lawfully authorized. But this writing was evidently followed by an actual surrender by operation of law, for Mrs. O'Leary went out of possession and there was an auction sale of the farm chattels. She sold to one Cliver twenty acres of the grain and left nine acres unsold.

When the harvest time came, in July, 1915, the plaintiff, Mrs. O'Leary, went to the Cooper farm to harvest the grain on the nine acres unsold, but was prevented from doing so by the defendant, who appropriated the grain to his own use.

The appellant asserts her right to recover for the nine acres of growing grain upon the language in the writing signed by respondent, as follows: "The within settlement being made without any prejudice as to any claims of Emma M. O'Leary as administratrix against Alexander Harris." We are asked to give this language the effect of a reservation by Mrs. O'Leary of the growing grain on the farm.

The argument advanced by counsel for appellant to sustain this contention is, that at the time the agreement was entered into between the parties there were several matters in dispute between them. But a reference to the writing alluded to shows nothing more than that the appellant paid to the respondent a certain sum of money which was to be in full satisfaction of what was owing on the lease and for the cancellation of the lease for the remainder of the term after March 25th, 1915. We think that so important a matter as a reservation of a right by the appellant to harvest twenty-nine acres

of grain, if it was intended that that right should be reserved, notwithstanding the cancellation of the lease and surrender of the premises, would most likely have been mentioned in the agreement.

The amount paid by the appellant, in settlement of the rent already accrued, and to relieve herself from the burden of continuing the maintenance of the farm, must be considered to have comprised all the pecuniary elements which formed the basis of inducing the landlord to cancel the lease and the tenant to go quit of any further obligation thereunder.

The insistence, therefore, of counsel for appellant that the words in the agreement, "without any prejudice as to any claims of Emma O'Leary against Alexander Harris," was a reservation of a right to a growing crop is clearly untenable. It was only claims which were not to be prejudiced, and it cannot be properly said that the right to gather the crop was reserved in any such terms as such a reservation requires.

Aside from the contention of counsel for appellant that the right to gather the growing crop was reserved by the tenant in the agreement, he also urges that by operation of law the plaintiff was entitled to gather the crop, because the abandonment of the premises was the result of an agreement between her, as tenant, and her landlord—the joint act of both— and that in order to debar an outgoing tenant who has determined the estate between seed time and harvest, as in this case, it must be the result of her act alone, and not as the result of an agreement with her landlord.

We find no such distinction taken at common law or in the cases referred to on that subject. On the contrary, the law appears to be well settled that upon the termination of a term by its own limitation in the absence of a special custom or by voluntary act of the tenant, there is no right of emblements. *Debow* v. *Colfax*, 10 *N. J. L.* 128; *Howell* v. *Schenck*, 24 *Id.* 89; 24 *Cyc.* 1071. The tenant's act is no less voluntary because it is acquiesced in by the landlord.

The undisputed fact in the present case is that the plaintiff determined the tenancy between seed time and harvest, with

the consent of her landlord, and, as a legal result flowing from her own act, she forfeited her right to emblements.

This view leads to the conclusion that the verdict was properly directed in favor of the defendant, and, therefore, makes it unnecessary to consider the other grounds of appeal.

The judgment will be affirmed, with costs.

WHITE, J. (concurring). My vote for affirmance in this case is based solely upon the clause of the lease which provided that if the tenant planted over twenty acres of grain, all over that amount should be left on the premises as the property of the landlord. The nine acres here involved fall within this provision.

For the reasons stated in a memorandum which I will file in No. 74, June term, 1916, where the twenty acres are involved, I dissent from the opinion of the court in the present case.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.